UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAPHAEL RUSSELL, *et al.*,

    Plaintiffs,

    v.

MYONG SUK MUELLER SONG, *et al.*,

    Defendants.

CASE NO. C17-0698 RSM

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, GRANTING MOTION TO DISMISS PLAINTIFF CALCOTE AND DIRECTING PLAINTIFFS TO AMEND COMPLAINT

*Pro Se* Plaintiffs Rapheal Russell, Lashaunda Russell, and Erica Calcote filed a Complaint on March 24, 2017. Dkt. #7. Summonses have not yet been issued. From what this Court can discern, Plaintiffs allege claims arising from a property dispute. Mr. Russell complains that Defendants hit his power line and cut his phone line while grading property with a bulldozer. *Id.* Mr. Russell further claims that Defendants trespassed on his property, removed dirt, altered an easement road, damaged his drain field area, and covered the damaged power and phone lines with rocks so that they could not be accessed by Plaintiffs. *Id.* As a result, Plaintiffs seek an Order from this Court directing Defendants to replace the damaged power and phone lines, pay for the dirt removed from the property, and pay for other damage to the property. Plaintiffs also ask the Court to replace the easement road "where it was surveyed and recorded to be." *Id.* at 4. Plaintiffs further seek an Order precluding the sale or transfer of any of Defendants' property until this case can be heard. *Id.*

ORDER
PAGE - 1

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Mr. Russell states the following bases of jurisdiction in this Court: 1) "I am black and will never get a fair trial in Snohomish;" and 2) "[t]his property is FHA." Dkt. #7 at 2. Neither of these statements provide a proper basis for jurisdiction in this Court. Moreover, property disputes of the nature described by Plaintiffs are typically matters of state law, to be handled in a state court. Accordingly, Plaintiffs' Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal.

Plaintiffs have also filed a Motion to Appoint Counsel. Dkt. #8. While Plaintiffs do not proceed *pro se* in this matter, Mr. Russell has previously been granted *pro se* status by this Court in at least one case.[1] *See Russell v. Bank of America, et al.*, Case No. C15-0306RSL, Dkt. #3. Plaintiffs seek court-appointed counsel on the basis that they have spoken with three attorneys, all of whom required a $10,000 retainer fee, which they cannot afford. Dkt. #8 at 2.

---

[1] Mr. Russell is no stranger to this Court. He has been a Plaintiff in at least four prior matters. *Russell v. Todd Pacific/Vigor Industries*, C13 1743MJP; *Russell v. Bank of America, et al.*, C15 0306RSL; *Russell v. Safeco Insurance Company*, C15 0328JLR; and *Russell v. Snohomish County Planning and Development*, C15 1649JCC.

ORDER
PAGE - 2

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985). At this early stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to examine whether Plaintiff's claims appear to have merit.

Finally, Plaintiffs have also sought to dismiss Plaintiff Erica Calcote from this matter on the bases that she fears physical harm if she continues in this lawsuit, and Mr. and Mrs. Russell are currently unable to locate her. Dkt. #9. The Court finds good cause to dismiss Ms. Calcote as a Plaintiff in this matter.

As a result, the Court hereby ORDERS:

1. Plaintiffs shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order**. In the Amended Complaint, Plaintiffs must include a short and plain statement demonstrating to the Court that there is federal jurisdiction over their claims, either under federal question or diversity jurisdiction.

2. Plaintiffs' Motion to Appoint Counsel (Dkt. #8) is DENIED without prejudice for the reasons stated above. This Order does not preclude Plaintiffs from re-filing their

Motion if and when a factual record pertaining to their claims has been more fully developed.

3. Plaintiffs' Motion to Recluse [sic] Erica Calcote (Dkt. #9) is GRANTED. Ms. Calcote shall be terminated as a Plaintiff in this matter.

4. The Clerk shall send a copy of this Order to Mr. and Mrs. Russell and to Ms. Calcote at 14751 N. Kelsey St. #105, Box 137. Monroe, WA 98272.

DATED this 1st day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE