UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAPHAEL RUSSELL, *et al.*,

       Plaintiffs,

   v.

MYONG SUK MUELLER SONG, *et al.*,

       Defendants.

CASE NO. C17-0698 RSM

ORDER OF DISMISSAL

*Pro Se* Plaintiffs Raphael Russell, Lashaunda Russell, and Erica Calcote[1] filed a Complaint on March 24, 2017. Dkt. #7. After review of that Complaint, the Court noted several deficiencies and directed Plaintiffs to file an Amended Complaint. Dkt. #10. On June 16, 2017, Plaintiffs filed an Amended Complaint. Dkt. #13. From what this Court can discern, Plaintiffs allege claims arising from a property dispute. Mr. Russell complains that Defendants hit his power line and cut his phone line while grading property with a bulldozer. Dkt. #13 at ¶ 2. Mr. Russell further claims that Defendants trespassed on his property, damaged his phone lines and removed dirt worth $73,000. *Id.* at ¶¶ 1-3. As a result, Plaintiffs seek an Order from this Court directing Defendants to replace the damaged power and phone lines, pay for the dirt removed from the property, and pay for other damages. Dkt. #13.

---

[1] Ms. Calcote has since been voluntarily dismissed from this case. Dkt. #10.

ORDER
PAGE - 1

Defendants have moved for dismissal for lack of jurisdiction under Federal Rules of Civil Procedure 12(b)(1). Dkt. #15. Defendants argue that Plaintiffs fail to demonstrate any basis for federal jurisdiction. The Court agrees.

This Court previously informed Plaintiffs that property disputes of the nature described in the Amended Complaint are typically matters of state law, to be handled in a state court. Dkt. #10. While Plaintiff now appears to assert diversity jurisdiction in his Amended Complaint, his assertion is misplaced. Diversity jurisdiction exists "where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiffs do not demonstrate that this is a controversy between citizens of different states. Plaintiffs point to alleged ethnicities and/or nationalities of the parties involved in this matter, *see* Dkt. #16 at 2, but that does not satisfy the diversity statute, which speaks in terms of <u>citizenship of a state</u>.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Here, Plaintiffs cannot meet the elements for diversity jurisdiction.

ORDER
PAGE - 2

As a result, the Court agrees with Defendants that it lacks jurisdiction over Plaintiffs' claims, and this matter must be dismissed. Accordingly, the Court hereby ORDERS:

1. Defendants' Motion to Dismiss (Dkt. #15) is GRANTED.

2. This case is now CLOSED.

3. The Clerk shall send a copy of this Order to Mr. and Mrs. Russell at 14751 N. Kelsey St. #105, Box 137. Monroe, WA  98272.

DATED this 11th day of August 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE